**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RYAN JAMAL SPENCER, | ) | NO. CV 14-5053-GAF (AS) |
| Petitioner, | ) | |
| v. | ) | **ORDER OF DISMISSAL** |
| E. VALENZUELA, Warden, | ) | |
| Respondent. | ) | |

**INTRODUCTION**

On June 30, 2014, Ryan Jamal Spencer ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry No. 1). The Petition alleges that Petitioner is actually innocent of the crimes of murder and robbery for which he was convicted in the Los Angeles Superior Court in 1991. (Case No. TA008556). (Pet. 5).

/ / /

Petitioner previously filed three habeas petitions in this Court challenging the same 1991 convictions.[1] On May 2, 2000, Petitioner filed a Petition in Ryan Jamal Spencer v. Larry Small, No. CV 00-4593-AHM(SH)[2]. On November 16, 2001, the Magistrate Judge issued a Report and Recommendation recommending denial and dismissal of the petition with prejudice as time-barred. On January 16, 2001, the Court issued an Order adopting the Final Report and Recommendation and entering Judgment, denying and dismissing the petition with prejudice. On May 30, 2001, the Court denied a certificate of appealability. On October 23, 2003, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition in the district court. On May 8, 2006, this Court denied Petitioner's motion to set aside the January 16, 2001 Judgment and on June 8, 2006, denied Petitioner's request for a certificate of appealability from that order. On December 15, 2006, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id., Docket No. 48).

On September 17, 2009, Petitioner filed a Petition in Ryan Jamal Spencer v. Debra Herndon, No. CV 09-6787-AHM(SH). On

---

[1] Petitioner filed an additional habeas petition on May 7, 2013 challenging a prison discipline finding that could impact the length of his sentence. Spencer v. E. Valenzuela, No. CV 13-3245-GAF(AS). On November 8, 2013, the Court denied and dismissed the petition with prejudice. Id. (Docket No. 23).

[2] The Court takes judicial notice of the docket and imaged documents in Spencer v. Small, No. CV 00-4593-GAF (SH), Spencer v. Herndon, No. CV 09-6787-GAF (SH), and Spencer v. R. Valenzuela, No. CV 12-8909-GAF (SH). See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

September 22, 2009, the Court dismissed the petition on the grounds that the petition was second or successive within the meaning of 28 U.S.C. § 2244(b) and that Petitioner had not obtained the requisite authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).

On October 17, 2012, Petitioner filed a Petition in Ryan Jamal Spencer v. R. Valenzuela, No. CV 12-8909-AHM(SH). On October 19, 2012, the Court dismissed the petition as an unauthorized successive petition.

**DISCUSSION**

Section 2244(b) of Title 28, United States Code, requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing "second or successive" petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); 28 U.S.C. § 2244(b)(3)(A).

A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998);

Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Petitioner's contention, in the present Petition, that he is actually innocent of the crimes for which he was convicted, does not exempt him from the procedural requirements for second or successive petitions, including the statutory obligation to obtain Ninth Circuit authorization to file a second or successive petition. See Williams v. Thaler, 602 F.3d 291, 305 (5th Cir. 2010)(district court lacked jurisdiction to consider actual innocence claim in second or successive petition in the absence of circuit court authorization); Williams v. Schultz, 393 Fed. App'x 938, 940 (3d Cir. 2010) (inmate seeking to file second or successive motion pursuant to 28 U.S.C. section 2255 asserting claim of actual innocence must obtain circuit court authorization); Morgan v. Ryan, 2011 WL 6296763, at *4 (D. Ariz. Nov. 28, 2011), adopted, 2011 WL 6296758 (D. Ariz. Dec. 16, 2011) (even where petitioner asserts claim of actual innocence, "leave of the Court of Appeals is required to maintain the successive petition") (citation omitted); Martin v. Neotti, 2010 WL 4219898, at *1 (C.D. Cal. Oct. 14, 2010) (rejecting argument that actual innocence claim provided exception to statutory provisions governing successive petitions, including requirement that petitioner obtain circuit authorization); Randall v. People of the State of Calif., 2009 WL

1371840, at *1 (C.D. Cal. May 15, 2009) ("Even if Petitioner contends that he should be permitted to file a successive petition based on his claim that he is actually innocent. . . . , he cannot proceed with such claim[] without authorization from the appropriate court of appeals."); see also In re Davis, 565 F.3d 810, 824-25 (11th Cir. 2009) (rejecting "equitable" exception to statutory requirements for second or successive petitions based on petitioner's alleged innocence; section 2244(b)(2)(B) contains its own equitable remedy,[3] and "[neither] Congress nor the courts ever have hinted that an *additional* equitable exception to § 2244(b)'s ban on second or successive federal habeas petitions exists") (original emphasis).

Here, Petitioner has not yet obtained authorization from the Ninth Circuit Court of Appeals to file the present Petition. Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

///

///

---

[3] Section 2244(b)(2)(B) bars a second or successive claim unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." The Court of Appeals (not the District Court) applies this standard in the first instance in determining whether to authorize the filing of a second or successive petition. See 28 U.S.C. § 2244(b)(3); Adeleke v. Dretke, 2004 WL 2297432, at *2 (N.D. Tex. Oct. 13, 2004), adopted, 2004 WL 2452466 (N.D. Tex. Nov. 1, 2004).

**CONCLUSION**

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 8, 2014.

*[signature: Gary Feess]*

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED this 3rd day of
July 2014, by:

/S/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE